

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2002

# ProDent Inc v. Zurich US

Precedential or Non-Precedential:

Docket 01-2328

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"ProDent Inc v. Zurich US" (2002). *2002 Decisions.* Paper 226.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/226

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO.  01-2328
_____

PRODENT, INC.; GEORGE E. FRATTALI,
DDS AND ASSOCIATES, LTD.,

Appellants


v.


ZURICH U.S.; NORTHERN INSURANCE
COMPANY OF NEW YORK
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 99-cv-05479)
District Judge: Honorable Thomas N. O'Neill, Jr.
_____

Argued: March 5, 2002

Before: ALITO, RENDELL, and HALL*, Circuit Judges,

(Filed: March 29, 2002)

Andrew S. Abramson, Esq.     [ARGUED]
261 Old York Road, Suite 511
P. O. Box 724
Jenkintown, PA 19046
    Counsel for Appellants

_____

    * Honorable Cynthia Holcomb Hall, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

William T. Salzer, Esq.     [ARGUED]
Swartz, Campbell & Detweiler
1601 Market Street, 34th Floor
Philadelphia, PA  19103
Counsel for Appellees

_____

OPINION OF THE COURT
_____


RENDELL, Circuit Judge.
    Appellants ProDent, Inc., and George E. Frattali, DDS and Associates, Ltd.
("ProDent"), appeal the District Court's grant of summary judgment in favor of
Appellees Zurich U.S. and Northern Insurance Company of New York ("Zurich") in this
insurance dispute.

ProDent contended that Zurich was liable to it by virtue of Zurich's having issued a liability policy to cover RACS Associates ("RACS"), who performed certain plumbing work in connection with the renovation of ProDent's dental offices. In an action brought by ProDent against RACS in state court, the jury had determined that RACS Associates was negligent in connection with its performance of the work, specifically, RACS' installation of copper pipes instead of the PVC called for by the drawings. ProDent argued to the District Court that Zurich, as insurer under a general liability policy, was responsible to pay the $ 123,191.50 judgment obtained against RACS. ProDent also urged that, although it was not the insured, it could nonetheless maintain a bad faith claim against Zurich. The District Court granted summary judgment in favor of Zurich, and we will affirm.

The District Court had jurisdiction over this case pursuant to the diversity statute, 28 U.S.C. 1332, since the amount in controversy exceeded $75,000 and ProDent and George Frattali, both Pennsylvania citizens, are completely diverse from the Defendants, Zurich U.S. of Illinois and Northern Insurance Co. of New York. We have jurisdiction over this appeal pursuant to 28 U.S.C. 1291.

Our task, and the task of the District Court, as federal courts sitting in diversity is not to decide the issue independently but to draw upon the precedents established by the Pennsylvania Supreme Court and apply Pennsylvania substantive law to predict how the Pennsylvania courts would resolve the issue. Nationwide Mutual Ins. Co. v. Buffetta, 230 F.3d 634, 637 (3d Cir. 2000). To the extent that the Pennsylvania Supreme Court has not addressed the precise issue before us, we do not disregard the findings of the intermediate appellate courts unless we are convinced that the Pennsylvania Supreme Court would decide otherwise. Id. Our standard of review over the District Court's prediction of is plenary. Id.

As noted by the District Court, the policy between RACS and Zurich obligated the insurer to indemnify for "property damage" caused by an "occurrence" unless otherwise excluded. Zurich contends that not only was the negligent performance by RACS not an "occurrence," but it was also specifically excluded under the terms of the policy. We need only address the first issue because we find that Pennsylvania law supports the conclusion that the damages did not result from an "occurrence," as defined under the policy.

ProDent's principal argument for coverage is the fact that it succeeded in obtaining a jury verdict against RACS based upon negligence, and since the jury specifically failed to find that there was a breach of contract, the District Court erred in ruling against ProDent based on its view that "the gist of ProDent's complaint was contractual." The District Court rejected the notion that the jury's verdict was determinative.

However, we need not decide the extent to which the District Court could rely on the "gist of the complaint," as opposed to the jury verdict, because even if it should have concluded that the claim against Zurich was based on negligence, we conclude that the Pennsylvania appellate court authorities cited by the District Court, namely, Redev. Auth. of Cambria Cty. v. Int'l Ins. Co., 685 A.2d 581 (Pa. Super. 1996) and Snyder Heating Co. v. Pa. Mfrs.' Ass'n Ins. Co., 715 A.2d 483 (Pa. Super. 1998) dictate a finding that the injuries here did not result from "an accident," and, therefore, there was no "occurrence." The District Court referred to those opinions, but as support for the proposition that where the claim is "essentially contractual," there is no "occurrence" even if there is a claim for negligence.

In Redevelopment Authority, the Pennsylvania Superior Court held that a general liability policy did not provide coverage when the allegation was that the insured failed to perform certain duties properly. The court noted that "[t]he purpose and intent of such an insurance policy is to protect the insured from liability for essentially accidental injury to the person or property of another rather than coverage for disputes between parties to a contractual undertaking." 685 A.2d at 589. Further, "[t]hese types of insurance policies involve risks that are limited in nature; they are not the equivalent of a performance bond on the part of the insurer." Snyder, 715 A.2d at 487.

The District Court's reasoning that the claims were "essentially contractual" is problematic in the context of the facts here, where a breach of contract was rejected by the jury and the Complaint alleged that RACS's performance was below not only a contractual standard but also an industry standard of care. However, what we do

conclude is that, as the Pennsylvania courts noted in both Redevelopment Authority and Snyder, not every claim sounding in negligence fits within the definition of "an occurrence." Within the terms of the policy, "occurrence" is: "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The Maryland Insurance Group Contractor's Policy, Commercial General Liability Coverage Form, Section V. 13.

Here, the claim was not one arising out of injury that resulted from an accident, but, instead, was based upon negligent workmanship, similar to a claim of professional liability or poor performance such as would be covered by a performance bond. See Redevelopment Authority, 685 A.2d at 592. While, clearly, RACS was found liable for the negligent performance of its work, which fell below the applicable standard of care, that does not mean that the resulting damages were caused by "an accident." Here, all of the damages sustained, and the work that needed to be performed, were to undo the error or mistake made by RACS in using the copper pipe, rather than PVC. The injury and damages were suffered by virtue of this error or mistake, not by virtue of an accident or occurrence.

We conclude that the recent Pennsylvania precedent on this issue must guide our ruling. We note that while Pennsylvania law is not entirely consistent on this point, we predict that the Pennsylvania Supreme Court would not permit recovery here, and would follow the reasoning in Redevelopment Authority and Snyder.

Accordingly, we will AFFIRM the judgment of the District Court.

_____

TO THE CLERK OF COURT:
Please file the foregoing Not Precedential Opinion.


/s/Marjorie O. Rendell
Circuit Judge